## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **SHERWOOD STARR,** | ) | **Case No.  3:19-CV-2934** |
| **c/o Malik Law** | ) | |
| **8437 Mayfield Rd. Suite 101** | ) | **JUDGE JAMES G. CARR** |
| **Chesterland, OH  44026,** | ) | |
| | ) | |
| **Plaintiff,** | ) | *AMENDED* **COMPLAINT WITH** |
| **v.** | ) | **JURY DEMAND** |
| | ) | |
| **WARDEN LYNEAL WAINWRIGHT** | ) | |
| **MARION CORRECTIONAL** | ) | |
| **INSTITUTION** | ) | |
| 940 Marion-Williamsport Rd E | ) | |
| Marion, OH 43302 | ) | |
| **Individually and in Her Official** | ) | |
| **Capacity as Warden of Marion** | ) | |
| **Correctional Institution** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **UNIT MANAGER MICHELL** | ) | |
| **DUNKLE** | ) | |
| **MARION CORRECTIONAL** | ) | |
| **INSTITUTION** | ) | |
| 940 Marion-Williamsport Rd E | ) | |
| Marion, OH 43302 | ) | |
| **Individually and in Her Official** | ) | |
| **Capacity as Unit Manager of Marion** | ) | |
| **Correctional Institution** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **UNIT MANAGER DUANE HAM** | ) | |
| **MARION CORRECTIONAL** | ) | |
| **INSTITUTION** | ) | |
| 940 Marion-Williamsport Rd E | ) | |
| Marion, OH 43302 | ) | |
| **Individually and in His Official** | ) | |
| **Capacity as Unit Manager of Marion** | ) | |
| **Correctional Institution** | ) | |
| | ) | |
| **and** | ) | |

1

|                                                                                                                     |     |
| --- | --- |
|                                                                                                                     | )   |
|                                                                                                                     | )   |
| **JOHN AND JANE DOES #1-3,**                                                                                        | )   |
| **POLICYMAKERS**                                                                                                    | )   |
| **OHIO DEPARTMENT OF**                                                                                              | )   |
| **REHABILIATION AND**                                                                                               | )   |
| **CORRECTIONS**                                                                                                     | )   |
| 4545 Fisher Road, Suite D                                                                                           | )   |
| Columbus, Ohio 43228                                                                                                | )   |
| **In Their Official Capacities as**                                                                                 | )   |
| **Policymakers of ODRC**                                                                                            | )   |
|                                                                                                                     | )   |
| **and**                                                                                                             | )   |
|                                                                                                                     | )   |
| **JOHN AND JANE DOES #4-6,**                                                                                        | )   |
| **POLICYMAKERS**                                                                                                    | )   |
| **MARION CORRECTIONAL**                                                                                             | )   |
| **INSTITUTION**                                                                                                     | )   |
| 940 Marion-Williamsport Rd E                                                                                        | )   |
| Marion, OH 43302                                                                                                    | )   |
| **In Their Official Capacities as**                                                                                 | )   |
| **Policymakers of Marion Correctional**                                                                             | )   |
| **Institution**                                                                                                     | )   |
|                                                                                                                     | )   |
| **and**                                                                                                             | )   |
|                                                                                                                     | )   |
| **JOHN AND JANE DOES #7-9,**                                                                                        | )   |
| **CORRECTIONAL STAFF**                                                                                              | )   |
| **MARION CORRECTIONAL**                                                                                             | )   |
| **INSTITUTION**                                                                                                     | )   |
| 940 Marion-Williamsport Rd E                                                                                        | )   |
| Marion, OH 43302                                                                                                    | )   |
| **Individually and in Their Official**                                                                              | )   |
| **Capacities as Employees of Marion**                                                                               | )   |
| **Correctional Institution**                                                                                        | )   |
|                                                                                                                     | )   |
| **and**                                                                                                             | )   |
|                                                                                                                     | )   |
| **JOSEPH HUGHEY, PRISONER**                                                                                         | )   |
| **MARION CORRECTIONAL**                                                                                             | )   |
| **INSTITUTION**                                                                                                     | )   |
| 940 Marion-Williamsport Rd E                                                                                        | )   |
| Marion, OH 43302                                                                                                    | )   |
|                                                                                                                     | )   |
|                                                                                                                     | )   |
|                                            **Defendants.**                                                          | )   |

2

)
)
)
)
)
)
)

## I.      INTRODUCTION

1.  This Civil Rights and Equal Protection case challenges Warden Lyneal Wainwright's,

    Michael Dunkle, Duane Ham and John and Jane Does #1-6's official policies

    regarding transgender prisoners like Plaintiff Sherwood Starr (Chynna Starr). Policies

    in issue include but are not limited to those involving PREA, transgender housing,

    accommodations, investigation of grievances, protection of inmates and complaints as

    well as those which relate to transgender inmates, and the classification of inmates.

    These official policies and lack thereof were the moving force behind the

    constitutional violations experienced by Plaintiff. There is also a custom, pattern, and

    practice of Wainwright and the Does of inadequate training and inadequate

    supervision of staff to ensure that transgender prisoner's constitutional rights are

    protected and not violated. Additionally, when a transgender prisoner such as

    Chynna, suffers injuries, Warden Wainwright, and John and Jane Does #1-6 ratify the

    unconstitutional acts of the staff.

2.  This case further challenges the failure of Defendants Wainwright, Unit Manager

    Michell Dunkle, Unit Manager Duane Ham, and John and Jane Does #1-9 to protect

    Chynna from violations inherent in her constitutional rights.

3.  This case further challenges the violation of Plaintiff's Equal Protection rights under

    the Fourteenth Amendment.

4.  Plaintiff Chynna Starr is a black transgender woman who was born Sherwood Starr.

5.  Plaintiff experiences gender dysphoria which is a fact established in her official records of incarceration.

6.  On August 27, 2018, Chynna was sentenced by the Cuyahoga Court of Common Pleas to 11 months in prison for grand theft and possessing criminal tools, both non-violent offenses.

7.  Despite identifying as a woman and having lived as a woman for 26 years, Chynna was sent to a men's prison.

8.  Chyna has a female gender marker on her driver's license and has the lived experience of addressing her gender dysphoria by way of ongoing hormone therapy and a completed breast augmentation procedure.

9.  On October 26, 2018 Chynna arrived at Marion Correctional Institution.

10. Chynna felt immediate bias based on her gender from MCI staff and other prisoners and complained of such mistreatment to staff.

11. Implicit and explicit bias towards transgender inmates by Wainwright, Dunkle. Ham, Does, MCI staff, and their policies is an everyday reality.

12. In retaliation for voicing complaints of the mistreatment based on her gender, Chynna was forced by Defendants Wainwright, Dunkle, Ham, and Does #7-9 to be a cellmate with a violent offender, Joseph Hughey, who was also known by MCI staff and ODRC to have ties to White Supremacist groups.

13. Defendants Wainwright, Dunkle, Ham, and Does #7-9 were all, individually and collectively, deliberately indifferent to Chynna. Each failed to protect her and

supervise her protection which resulted in violent offender Joseph Hughey physically and sexually assaulting Chynna.

14. Each Defendant discriminated against Chynna based on her gender.

15. The conduct of Defendants Wainwright, Dunkle, Ham, and Does #7-9 was so negligent it rose to the level of willful, wanton, and reckless conduct.

16. Plaintiff seeks compensation for the injuries she suffered as a result of the constitutionally impermissible abuse she endured while at MCI. Plaintiff prays that this suit will protect other transgender prisoners from similar attacks, intimidation, threats, physical assaults, and sexual assaults.

## II.  <u>JURISDICTION</u>

17. Jurisdiction over claims brought under the Civil Rights Act of 1871 is conferred on this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4). Jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367. Venue is proper in this division.

## III.  <u>PARTIES</u>

18. Plaintiff Sherwood Starr (Chynna) is a resident of Cuyahoga County and was in MCI during all times relevant to this action. She brings this action on her own behalf for damages resulting from the violation of rights secured by the United States Constitution and violations of laws of the State of Ohio.

19. Defendant Lyneal Wainwright is currently and was at all times relevant to this action the Warden of Marion Correctional Institution. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  She is sued in her individual and official capacity. She was at all times relevant a Marion Correctional Institution final policy maker with respect to customs, practices, policies

5

and procedures in the Institution.

20. Defendant Michell Dunkle was at all times relevant to this action a Unit Manager at
    Marion Correctional Institution. Defendant is a "person" under 42 U.S.C. § 1983 and
    at all times relevant to this case acted under color of law.  She is sued in her
    individual and official capacity. She was at all times relevant a Marion Correctional
    Institution final policy maker with respect to customs, practices, policies and
    procedures in the Institution.

21. Defendant Duane Ham was at all times relevant to this action a Unit Manager at
    Marion Correctional Institution. Defendant is a "person" under 42 U.S.C. § 1983 and
    at all times relevant to this case acted under color of law.  He is sued in his individual
    and official capacity. He was at all times relevant a Marion Correctional Institution
    final policy maker with respect to customs, practices, policies and procedures in the
    Institution.

22. Defendants John and Jane Does #1-3 are currently and were at all times relevant to
    this action final policy makers for the ODRC. Defendants are "persons" under 42
    U.S.C. § 1983 and at all times relevant to this case acted under color of law.  They are
    sued in their official capacities.

23. Defendants John and Jane Does #4-6 are currently and were at all times relevant to
    this action final policy makers for MCI. Defendants are "persons" under 42 U.S.C. §
    1983 and at all times relevant to this case acted under color of law.  They are sued in
    their official capacities. They were at all times relevant ODRC and Marion
    Correctional Institution final policy makers with respect to customs, practices,
    policies and procedures in the Institution.

24. Defendant John and Jane Does #7-9 are currently and were at all times relevant to this action corrections staff for MCI. Defendants are "persons" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. They are sued in their individual and official capacities. They were at all times relevant ODRC and Marion Correctional Institution final policy makers with respect to customs, practices, policies and procedures in the Institution.

25. Defendant Joseph Hughey is a white prisoner at MCI who is currently serving a life sentence for robbery, complicity murder, and aggravated burglary.

## IV. FACTS

26. On October 26, 2018, Chynna arrived at MCI

27. Chynna is a transgender black female who has lived as a woman for 26 years.

28. Chynna has experienced gender dysphoria as an adolescent and as an adult and this information is included in the records of her incarceration.

29. To address her gender dysphoria, Chynna engages in ongoing hormone therapy and has successfully completed a breast augmentation procedure.

30. Chynna's identification as a woman, as well as her presentation as a woman, immediately put Chynna in conditions posing a substantial risk of harm to her while incarcerated in male prison MCI.

31. Chynna was at a heightened level of risk due to her female presentation at MCI.

32. All Defendants knew that Chynna was a transgender black woman and that she experiences gender dysphoria.

33. Almost immediately after her arrival at MCI, Chynna began experiencing problems based on her status as transgender.

34. Chynna was called offensive and derogatory terms by fellow prisoners and staff.

35. Chynna was held to a different standard by Defendants this included but was not limited to being forced to zip up shirts and cut her hair, requests that were not made to male prisoners.

36. Chynna is a woman who knew her rights and was not afraid to defend herself and her legal rights when she was attacked inside MCI for being transgender.

37. As a result, Chynna began submitting complaints about her mistreatment at MCI.

38. Instead of assisting Chynna, Defendants Wainwright, Dunkle, Ham, and Does #7-9 retaliated against Chynna for the assertion of rights to which she knew she was entitled.

39. The policies, customs, and habits of Defendants Wainwright, Dunkle, Ham, and Does #1-9 permitted this retaliation.

40. In retaliation for voicing her concerns, Defendants Wainwright, Dunkle, Ham, and Does #7-9 moved Chynna to cell 44 and then shortly thereafter and in further retaliation, Defendants Wainwright, Dunkle, Ham, and Does #7-9 moved violent offender Defendant Joseph Hughey into cell 44 with Chynna.

41. This housing arrangement posed an emotional and physical threat to Chynna of which Defendants had actual and constructive knowledge and which Chynna also reported to Defendants..

42. The policies, customs, and habits of Defendants Wainwright, Dunkle, Ham, and Does #1-9 permitted this retaliation.  These Defendants also engaged in inaction, acquiescence, ratification and customs of tolerance of the wrongs towards Chynna.

43. Chynna was serving time for grand theft and possession of criminal tools – both were nonviolent offenses, unlike Hughey's crimes. She was, in fact, only sentenced to 11 months.

44. Joseph Hughey is and was a known violent criminal. Hughey was sentenced to life for robbery, complicity murder, and aggravated robbery. He also has known ties to White Supremacist groups.

45. Defendants Wainwright, Dunkle, Ham, and Does #7-9 knew that putting Chynna, a black transgender woman, in a cell alone with Defendant Hughey, a white, violent offender with known ties to White Supremacist groups, foreseeably placed Chynna in conditions posing a substantial risk of harm to her.

46. The policies, customs, and habits of Defendants Wainwright, Dunkle, Ham, and Does #1-9 permitted this improper housing assignment despite the apparent and known risks to Chynna.

47. Despite actual and constructive knowledge by Defendants Wainwright, Dunkle, Ham, and Does #7-9 of Defendant Hughey's violent propensities and ties to White Supremacist groups, they placed Chynna, a black transgender female, in a cell with him.

48. Defendant Hughey immediately began saying and referencing inappropriate and threatening things. This made Chynna fear for her safety and Chynna voiced these concerns to correctional Defendants including but not limited to Defendants Wainwright, Dunkle, Ham, and Does #7-9.

49. Defendant Hughey repeatedly, for example, told Chynna that he had not been around a woman in 27 years and questioned why Marion and ODRC staff would place him in

a cell with her. This made Chynna feel unsafe and she sent grievances about Hughey's statements.

50. Defendant Hughey also repeatedly encouraged Chynna to have sex with his friend. This made Chynna feel unsafe and she also sent grievances about these statements.

51. Defendant Hughey constantly talked to Chynna about what it was like to murder and also repeatedly referred her to his white supremacist tattoos. At this point, Chynna felt as if Hughey may rape and even murder her. Again, she sent grievances about Hughey's behavior and statements.

52. As a result of the failure of Defendants Wainwright, Dunkle, Ham, and Does #1-9, Chynna was violently physically and sexually assaulted by Defendant Hughey on two separate occasions – December 21, 2018 and again on or about January 2, 2019.

53. The violent attack on Chynna was foreseeable and preventable.

54. Defendants Wainwright, Dunkle, Ham, and John and Jane Does #1-9 were all deliberately indifferent to serious risks of harm to Chynna and they all failed to protect her.

55. Plaintiff has suffered severe and permanent physical, psychological and emotional damage as a result of these failures.

### V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION – 42 U.S.C. § 1983
### DEFENDANTS WAINWRIGHT, DUNKLE, HAM, AND DOES #1-9

56. Defendants Wainwright, Dunkle, Ham, and Does #1-9 have, under color of state law, deprived Plaintiff of rights, privileges, and immunities secured by the United States Constitution, including but not limited to the Eighth and Fourteenth Amendments and

the right to be free from cruel and unusual punishment as well as the right to be protected from serious physical and emotional harm while in the custody of ODRC and MCI and its staff.

57. Defendants Wainwright, Dunkle, Ham, and Does #1-9 knew that Defendant Hughey was a violent offender with ties to White Supremacist groups, yet they placed him in a cell with Plaintiff, a black transgender woman.

58. Defendants Wainwright, Dunkle, Ham, and Does #1-9 were objectively and subjectively aware that Defendant Hughey posed a serious risk of harm to Plaintiff.

59. Defendants Wainwright, Dunkle, Ham, and Does #1-9 exhibited deliberate indifference to this serious risk of harm and to the health and safety of Plaintiff.

60. The conduct of these Defendants established a pattern, practice, and custom of unconstitutional conduct and were the moving force behind the constitutional violation.

61. As a direct and proximate result of this deliberate indifference, Plaintiff was physically and sexually assaulted by Defendant Hughey.

62. The policies, practices, customs, and usages of Defendants Wainwright, Dunkle, Ham, and Does #1-9 regarding transgender prisoners were the moving force behind the constitutional violations suffered by Plaintiff.

63. Defendants Wainwright, Dunkle, Ham, and Does #1-9 failed to implement policies, practices, customs, and usages that protected the rights of transgender prisoners.

64. Defendants Wainwright, Dunkle, Ham, and Does #1-9 failed to implement policies, practices, customs, and usages that prevented the violation of rights of transgender prisoners.

65. Defendants Wainwright, Dunkle, Ham, and Does #1-9 failed to train and supervise MCI staff to ensure that transgender prisoner's rights were protected, and not violated.

66. Defendants Wainwright, Dunkle, Ham, and Does #1-9 failed to enforce policies, procedures, customs, usages, regarding the rights of transgender prisoners.

67. Defendants Wainwright, Dunkle, Ham, and Does #1-9, for their failure to ensure the rights of Plaintiff were not violated.

68. An investigation into the events involving the Plaintiff were so incomplete and inadequate as to constitute a ratification by the Defendants Wainwright, Dunkle, Ham, and Does #1-9's conduct.

69. Defendants' conduct constitutes a pattern, practice, and custom. Defendants conduct constituted inaction, acquiescence, ratification and customs of tolerance,

70. The training and supervision provided by Defendants Wainwright, Dunkle, Ham, and Does #1-9 was deliberately indifferent to the safety of the citizens, including citizens such as Plaintiff.

**SECOND CAUSE OF ACTION – FOURTEENTH AMENDMENT – EQUAL
PROTECTION VIOLATION
DEFENDANTS WAINWRIGHT, DUNKLE, HAM, AND DOES #1-9**

71. Defendants, acting under color of state law, violated Plaintiff's rights under the Equal Protection Clause of the 14th Amendment by impermissibly discriminating against Plaintiff based on her sex and gender.

72. Defendants have caused Plaintiff to suffer physically, emotionally, and psychologically.

## THIRD CAUSE OF ACTION – NEGLIGENCE-THAT ARISES TO WILLFUL, WANTON, AND RECKLESS CONDUCT DEFENDANTS WAINWRIGHT, DUNKLE, HAM, AND DOES #7-9

73. Defendants Wainwright, Dunkle, Ham, and Does #7-9 owed Plaintiff not only constitutionally mandated duties, but they owed her a duty of due care to protect her from harm caused by other individuals in custody.

74. Defendants were on notice of Hughey's violent history and violent tendencies towards others.

75. These Defendants breached that duty.  Their conduct was outrageous and caused Chynna serious harm,

76. These Defendants acted in a negligent, willful and wanton, and reckless way when they breached their duty to protect Plaintiff while she was confined to MCI.

77. The conduct of these Defendants proximately caused injury to Plaintiff in violation of Ohio law.

78. As a direct and proximate result of the breach, Plaintiff suffered severe and permanent physical, psychological, and emotional injuries.

## FOURTH CAUSE OF ACTION – ASSAULT AND BATTERY DEFENDANT HUGHEY

79. Defendant Hughey, without privilege to do so, committed assault and battery upon Plaintiff as described herein.

80. As a direct and proximate result of Defendant Hughey's assault and battery, Plaintiff suffered severe and permanent physical, psychological, and emotional injuries.

## VI. JURY DEMAND

81. Plaintiff hereby demands a trial by jury of all issues triable by jury.

,

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.      Award Plaintiff compensatory damages in an amount to be shown at trial;

B.      Award Plaintiff punitive damages in an amount to be shown at trial;

C.      Award Plaintiff reasonable attorney's fees, costs and disbursements;

D.      Award Plaintiff pre and post judgment interest;

E.      Grant Plaintiff such additional relief as the Court deems just and proper.


/s/ David B. Malik
David B. Malik (0023763)
Sara Gedeon (0085759)
Malik Law
8437 Mayfield Road, Suite #101
Chesterland, Ohio 44026
440-729-8260
440-490-1177
Dbm50@sbcglobal.net
sgedeon1021@gmail.com


Maya Simek (0086674)
Director of the Human Trafficking Law Project &
Health & Human Trafficking Clinical Professor
Milton A. Kramer Law Clinic Center
11075 East Blvd, Cleveland, OH 44106
{c}: 216-287-9837  - {o}: 216.368-6361
mms48@case.edu

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of December, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>/s/ David B. Malik (0023763)</u>
David B. Malik, Esq.